Judge Mills
delivered the opinion
This is an injunction granted by live circuit court, praying relief against a judgment at law, fox twenty fife dollars, rendered by a justice of the peace, which injunction was perpetuated.
It is now .contended by the defendant below, now plaintiff iii error, that the court below had rq jurisdiction of the casé. We do not conceive that the act of assembly, increasing and regulating the jurisdiction of justices ef the peace, from five pounds to fifty dollars, transferred to then» more Ilian the exclusive jurisdiction at law, and that the power to judge of defences and causes, purely equitable, was not delegated to them by the terms of the act. Courts or suits ill equity are not generally construed to be within the words of a statute, unless expressly included, although they generally follow the law. The settlement of the accounts of executors, administrators, guardians and trusts, would pass into the hands of justices of the peace, where the sum or balance due was under fifty dollars, if a different construction was adopted, and temporary injunctions and .rescisión of contracts, as well as the specific execution of them, must also become subjects-of jurisdiction before justices of the peace, or the parties lose the benefit of these remedies entirely, if the acts in question Were construed to *353 take away the jurisdiction of courts of equity over sums between five pounds and fifty dollars. We therefore conceive that jurisdiction was rightly entertained by the court below.
Where a defence is purely 'eg*l, and application is made to the chancellor for re? lief because of *rick in procuringthe judgm’t, that trick musí be made out" very plainly to justify an interference.
Ihbb for plaintiff in error.
The complainant, however, asks relief on the ground that the contract, on which he was condemned by the justice to pay the money, was a conditional one, and ¡be payment was to depend on a certain contingency which had not happened, and which he could have made appear before the justice who tried the cause, but that the constable deceived him by returning the warrant at a different time and place, and before a different justice from him before whom be was summoned, of which he had no notice, whereby he was surprised and prevented from making his defence, or praying an appeal till it was too late.
On the subject, whether the contract was conditional or absolute, the evidence is somewhat contradictory, and we have not thought it necessary to determine that matter, b'or as the defence was purely legal, it was incumbent on the plaintiff below not only to make out a good defence, but to shew the surprise and trial complained of clearly, which he has failed to do. We cannot say that he was prevented from making his defence before the proper tribunal, had he with reasonable diligence attended to it.
The decree of the court below is therefore deemed erroneous, and must be reversed with costs, and directions given to the court below there to dissolve the injunction and dismiss the bill with damages and costs.